IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRYAN REILLY, individually on behalf of himself and all others similarly situated, | § § § § | No. 426, 2025 |
| | § | Court Below: Court of Chancery |
| Plaintiff Below, Appellant, | § § § | of the State of Delaware |
| | § | C.A. No. 2024-0654 |
| v. | § § | |
| KEITH L. HORN, ZACHARY TARICA, THOMAS STAGGS, PETER SCHLESSEL, MARTIN LUTHER KING III, TERESA MILES WALSH, SHEILA A. STAMPS, IDAN SHANI, SALIL MEHTA, KEVIN MAYER, JEREMY TARICA, FOREST ROAD ACQUISITION SPONSOR LLC, AND THE FOREST ROAD COMPANY, LLC, | § § § § § § § § § § § § § | |
| Defendants Below, Appellees. | § § | |

Submitted: April 22, 2026
Decided: May 7, 2026

Before **SEITZ**, Chief Justice; **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

This 7th day of May 2026, after careful consideration of the parties' briefs and the record on appeal, and after oral argument, we find it evident that the judgment of the Court of Chancery should be affirmed on the basis of and for the reasons stated

in its Memorandum Opinion dated September 30, 2025.[1]  The unjust enrichment claim is also barred by laches.  Like the breach of fiduciary duty claim, the unjust enrichment claim accrued when the allegedly misleading proxy statement was disseminated to stockholders. The unjust enrichment claim was not brought within three years of the proxy's issuance and tolling does not apply for the reasons stated in the Court of Chancery's opinion.[2]

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[1] *Reilly v. Horn*, 2025 WL 2781735 (Del. Ch. Sep. 30, 2025) ("Opinion").

[2] *See Pulieri v. Boardwalk Props., LLC*, 2015 WL 691449, at *13 (Del. Ch. Feb. 18, 2015) ("an unjust enrichment claim accrues when the wrongful act causing the enrichment and impoverishment occurred"); *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 41–42 (Del. Ch. 2012) (for purposes of laches analysis, court looks to the three-year limitations period in 10 *Del. C.* § 8106 for unjust enrichment claims); Opinion at *6–8.